IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA                                                          PETITIONER

v.                                                              Civil Action No. 3:12-mc-059-CWR-FKB

JOHN W. WILLIAMS, JR.                                                             RESPONDENT

## REPORT AND RECOMMENDATION

This matter is before the Court pursuant to the Show Cause Hearing held on July 17, 2012. During the hearing, the Court heard arguments on the Motion for Issuance of a Bench Warrant and gave Respondent Williams an opportunity to show cause why he should not be held in civil contempt for his failure to produce certain documents. For the reasons described in this Report and Recommendation, the Court finds that Williams has failed to comply with the Court's previous Order directing him to provide certain information to the Internal Revenue Service ("IRS") in response to the IRS Summons/Collection Information Statement (Docket No. 2-1). The undersigned recommends that Williams be found in civil contempt of Court and that, unless Williams cures certain deficiencies in his responses to the Summons/Collection Information Statement, specifically, his responses to Form 433-A, by July 31, 2012, he be fined one hundred dollars ($100.00) per day, for up to fifteen (15) days. After that period of fifteen (15) days, if he has failed to produce the requested documents and information, the undersigned recommends that the Motion for Issuance of a Bench Warrant be granted, that Williams be arrested, and that he be incarcerated until such time as he pays the fine and produces the requested documents and information.

### I. Procedural History

This matter is before the Court on the Petition to Enforce Internal Revenue Service

Summons filed on January 26, 2012 (Docket No. 1), by the United States of America on behalf of its agency, the IRS, pursuant to 26 U.S.C. §§ 7602 and 7604(a). On February 1, 2012, the Court entered an Order to Show Cause which required the Respondent to appear before the Court at the United States Courthouse in Jackson, Mississippi, on April 2, 2012, at 1:30 p.m. to show cause why he should not be compelled to comply with the IRS Summons. The Order to Show Cause and a copy of the Petition and Exhibits were served on the Respondent on February 7, 2012, at his place of business.

On April 2, 2012, a hearing was held on the Order to Show Cause. Present at the hearing were Pshon Barrett, Assistant United States Attorney, counsel for the Petitioner; Anthony Ware, Internal Revenue Agent, Internal Revenue Service; and the Respondent, John W. Williams, Jr. The Respondent, John W. Williams, Jr., admitted and confessed the matters raised in the Petition. As a result of the hearing, the Court entered a Report and Recommendation (Docket No. 5), which was subsequently adopted by the Hon. Carlton W. Reeves, United States District Judge, in an Order entered on April 19, 2012. See Docket No. 7. In that Order, the Court directed Williams to comply with the Summons and present the requested information to Agent Ware on May 8, 2012, at the IRS office.

On June 1, 2012, the government filed a Motion for Issuance of a Bench Warrant (Docket No. 11). In that Motion, the United States asserts that although Williams appeared and produced some documents on May 8, 2012, as directed by the April 19 Order, the documents were incomplete. In its Motion, the United States asserts that Agent Ware notified Williams of the deficiencies by a May 9, 2012, letter, which was delivered to Williams by certified mail. According to the Motion, Williams was given another opportunity to produce additional documents, but failed again to provide complete information. Specifically, in the Motion the

government asserts that Williams submitted a Form 433-A that was deficient in the following respects:

1. Mr. Williams did not list his real property owned, rented, and leased;

2. Mr. Williams did not complete Section 6 of the Form 433-A for self-employed individuals;

3. Mr. Williams did not provide a list of his clients with contact information and accounts receivable;

4. Mr. Williams did not provide requested invoices of transactions for the last six months; and

5. Mr. Williams did not provide proof that he had paid his federal quarterly taxes for 2012.

Considering these alleged deficiencies, the IRS requests that the Court issue a bench warrant for the arrest of Williams, and that he be brought before the Court to show cause why he should not be held in contempt for his failure to produce the requested documents.

Williams did not file any response to the Motion for Issuance of a Bench Warrant, and the Court entered an Order to Show Cause and Setting Show Cause Hearing (Docket No. 12) on June 27, 2012. In that Order, the Court held in abeyance the Motion for Issuance of a Bench Warrant and scheduled the Show Cause hearing for July 17, 2012, to give Respondent an opportunity to produce the additional documents requested by the IRS and to show cause why he should not be held in civil contempt of Court.

The Court conducted a Show Cause hearing and hearing on the Motion for Issuance of a Bench Warrant on July 17, 2012. Present at the hearing were Pshon Barrett, Assistant United States Attorney, counsel for the Petitioner; Anthony Ware, Internal Revenue Agent, Internal

Revenue Service; and the Respondent, John W. Williams, Jr.

## II. Authority

It is well-settled law that "the power to punish for contempt is an inherent power of the federal courts and that it includes the power to punish violations of their own orders." In re Bradley, 588 F.3d 254, 265 (5th Cir. 2009). Civil contempt has three elements: (1) a court order is in effect, (2) the order requires certain conduct by the respondent, and (3) the respondent has failed to comply with the court's order. Id. at 267. When seeking a civil contempt order, a movant must show these requirements by clear and convincing evidence. Lyn-Lea Travel Corp.v. American Airlines, Inc., 283 F.3d 282, 291 (5th Cir. 2002).

If a *prima facie* showing of a violation has been made, the burden of production shifts to the alleged contemnor, who may defend his alleged failure on the grounds that he was unable to comply. United States v. Rylander, 460 U.S. 752, 757 (1983)("Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action. It is settled, however, that in raising this defense, the defendant has a burden of production."). The burden of production shifts back to movant only upon a sufficient showing by the alleged contemnor. The party seeking to show contempt, therefore, has the burden of proving ability to comply. Combs v. Ryan's Coal Co., Inc., 785 F.2d 970, 984 (11th Cir. 1986).

"In fashioning sanctions for civil contempt, district courts should consider 'the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.'" United States v. Scott, 2004 WL 1068118 at * 3 (N.D. Tex. Apr. 5, 2004)(quoting United States v. United Mine Workers, 330 U.S. 258, 304 (1947)). Sanctions for civil contempt may include a "coercive daily fine, a

compensatory fine, coercive incarceration, or a combination thereof." Id. (citing Int'l Union, United Mine Workers v. Bagwell, 512 U.S. 821, 827-29 (1994)); Dinnan v. Bd. of Regents of the Univ. Sys. of Ga., 625 F.2d 1146, 1150 (5th Cir.1980) (civil contempt sanction ordered where the contemnor paid $100 fine daily and was incarcerated after thirty days of continued noncompliance).

### III. Findings and Recommendations

Having considered the foregoing authority, the testimony given at the Show Cause hearing, and the exhibit presented (Government Exhibit 1: IRS Form 433-A), the undersigned finds that Respondent Williams has failed to comply with the previous Order of the Court requiring him to respond to the IRS Summons at issue in this case. The Court notes that there are potential ambiguities to the IRS Summons, but there is no ambiguity that the Respondent failed to provide some of the information requested by the Summons, even after being instructed to do so by Agent Ware. Specifically, the undisputed evidence shows that Williams failed to fully complete Sections 5 and 6 of the Form 433-A, failed to provide a complete list of his clients (and, for the clients he listed, he failed to provide any contact information as requested), and failed to produce invoices as requested.[1]

Accordingly, consistent with the oral ruling issued from the bench during the hearing on July 17, 2012, the undersigned recommends that Respondent Williams be given fourteen (14) days from the date of the hearing, or until July 31, 2012, at 3:00 p.m. to comply with the Summons by curing the deficiencies in his responses to the Summons, and specifically to IRS

---

[1] Williams testified that he has no accounts receivable to produce in response to the IRS request.

Form 433-A, as follows:

1. Williams is ordered to list his real property owned, rented, or leased as required by IRS Form 433-A;

2. Williams is ordered to complete fully Sections 5 and 6 of the Form 433-A for self-employed individuals;

3. Williams is ordered to provide a list of his clients with contact information;

4. Williams is ordered to provide all existing invoices and accounts receivable for transactions of the subject business, Tax Prep of Northpark, during the six-month period prior to September 1, 2011; and

5. Williams is ordered to provide proof that he has paid his federal quarterly taxes for 2012.

The undersigned recommends that Williams be found in civil contempt of court and that, should Williams fail to cure the foregoing deficiencies by July 31, 2012, at 3:00 p.m., he be fined one hundred dollars ($100.00) per day for up to fifteen (15) days. After that period of fifteen (15) days, if Williams has failed to pay the fine or produce the requested documents and information, the Motion for Issuance of a Bench Warrant should be granted, Williams should be arrested, and he should be incarcerated until such time as he pays the fine and produces the requested documents and information. The Court, furthermore, orders Williams to produce the documents and information to Internal Revenue Officer Anthony M. Ware at 100 West Capitol Street, Room 514, Jackson, Mississippi, as required by the original Summons.

The office of the undersigned will mail a copy of this Report and Recommendation to the last known business address of Respondent. The undersigned further orders that a copy of the

Report and Recommendation be personally served on Williams by an official of the IRS within five (5) days of the date of issuance of the Report and Recommendation. The undersigned also orders the IRS and/or the United States Attorney, within twenty-four (24) hours from the date of the issuance of the Report and Recommendation, to send a copy of the Report and Recommendation by certified mail, return receipt requested, to the Respondent.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

RESPECTFULLY SUBMITTED, this the 20th day of July, 2012.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE